1  Jan P. Weir (SBN 106652 )
     jan.weir@klgates.com
2  Joseph J. Mellema (SBN 248118)
     joseph.mellema@klgates.com
3  Taylor C. Foss (SBN 253486)
     taylor.foss@klgates.com
4  Jennifer A. Mauri (SBN 276522)
     jennifer.mauri@klgates.com
5
6  K&L GATES LLP
   1 Park Plaza, Twelfth Floor
7  Irvine, CA 92614
   Telephone: 949.253.0900
8  Facsimile:  949.253.0902

9  Attorneys for Plaintiff
   Palomar Technologies, Inc.

10

11              UNITED STATES DISTRICT COURT
12              SOUTHERN DISTRICT OF CALIFORNIA

13  PALOMAR TECHNOLOGIES, INC.,   | Case No. '15CV1484 JAH KSC
14                 Plaintiff,
15       vs.                      | **COMPLAINT FOR PATENT INFRINGEMENT**
16  MRSI SYSTEMS, LLC,            | **DEMAND FOR JURY TRIAL**
17                 Defendant.
18

1
**COMPLAINT**

Plaintiff, Palomar Technologies, Inc. ("Palomar") alleges as follows:

## INTRODUCTION

1. This is an action for patent infringement against Defendant MRSI Systems, LLC ("MRSI"). Plaintiff seeks judgment that Defendant has directly infringed United States Patent No. 6,776,327 by manufacturing and selling fully automated, ultra-high precision die-attach and epoxy dispensing devices which utilize double-pick and place of a workpiece to achieve ultra-precise placements, and has induced and contributed to the infringement of others.

## PARTIES

2. Palomar is a Delaware corporation, with its principal place of business at 2728 Loker Avenue West, Carlsbad, CA 92010. Palomar is the global leader of die-attach solutions, wire bonding equipment, optoelectronic packaging systems and precision assembly services. Palomar's automated assembly systems provide high precision and enable customers to increase yield and reduce costs in the manufacturing of LED, optoelectronic, solar, RF and microelectronic packages in the photonic, wireless, microwave, automotive, aerospace, defense, medical and life sciences industries.

3. Upon information and belief, Defendant MRSI is a Massachusetts corporation with its principal place of business at 101 Billerica Avenue, Building 3, North Billerica, Massachusetts, 01862.

4. Upon information and belief, MRSI is a supplier of fully automated, ultra-high precision die-attach and epoxy dispensing tools used for the fabrication of complex micro-assemblies in a variety of end markets.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Palomar's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this matter arises under the patent laws of the United States, Title 35 of the United States Code.

1  6.     This Court has personal jurisdiction over Defendant because Defendant (a)
2  knowingly transacts business in California, (b) on information and belief, has engaged
3  in, and made meaningful preparations to engage in, infringing conduct in California,
4  and (c) has caused, and is causing, injury in California by reason of its conduct within
5  and outside the State.
6  7.     Venue is proper in the Southern District of California pursuant to 28 U.S.C. §§
7  1391(b) and (c) and 1400(b), because (a) this Court has personal jurisdiction over
8  Defendant and (b) on information and belief, Defendant has committed, or made
9  meaningful preparations to commit, acts of infringement in this District.

## FACTS COMMON TO ALL COUNTS

8.     United States Patent No. 6,776,327 ("the '327 patent"), titled "High-Accuracy Placement Method Utilizing Double Pick and Place," was duly and legally issued by the United States Patent and Trademark Office on August 17, 2004.  Palomar is the assignee and owner of the '327 patent and all rights arising therefrom.

9.     The '327 patent is directed towards, *inter alia*, methods of placement of a first workpiece onto a second workpiece utilizing double-pick and place technology.  This process allows for highly accurate placement of the first workpiece.

10.    More particularly, the '327 patent claims an automated placement method which processes a workpiece pair by placing the first workpiece onto the second workpiece. The first workpiece is moved from an origination location, such as a die collet, by a pick-up tool to an intermediate location.  The pick-up tool then releases the first workpiece which can be held in place on the intermediate location by vacuum. Machine vision is then used to determine the orientation of the first workpiece which allows the system to correct for placement error allowing for highly accurate placement of the first workpiece on the second workpiece.  The first workpiece is then engaged again by a pick-up tool and moved from the intermediate location to an attach location located on the second work piece.  The first workpiece is then released from the pick up tool and attached to the second work piece.  This process has been termed a

"double pick." Examples of such first and second workpieces include, but are not limited to, a die and a circuit board, respectively.

11. Defendant has not obtained a license to use methods claimed in the '327 patent or to offer for sale in the United States products that perform those methods.

12. Defendant MRSI makes, sells, and offers for sale fully automated, ultra-high precision die-attach and epoxy dispensing tools, including, but not limited to, the "MRSI-M3 Assembly Work Cell."

13. Upon information and belief, the MRSI-M3 Assembly Work Cell is an automated die bonder which utilizes double-pick and place of a die to achieve ultra-precise placements. Upon information and belief, the MRSI-M3 Assembly Work Cell uses a pick tool to pick a die, which constitutes a "first workpiece", from a waffle pack, Gel-Pak$^{TM}$, wafer, or tape and reel, which is located at an origination location. The pick tool then moves the die to an intermediate location and places the die onto a vacuum containing surface, at an actual intermediate location which is different than the origination location. The pick tool disengages the die and the system utilizes pattern recognition to obtain the coordinates of the die. The pick tool then reengages the die and moves the die to an actual attach location located on a circuit body. The MRSI-M3 Assembly Work Cell is designed for high-speed movements while achieving ultra-precise 3-micron placement accuracy or better, and in some configurations, to a 1-micron level.

14. Upon information and belief, Defendant has sold at least one "MRSI-M3 Assembly Work Cell" to a third party for commercial use in the United States.

15. Upon information and belief, a third party using the "MRSI-M3 Assembly Work Cell" is performing a method that infringes the claims of the '327 patent.

## Count 1

### Patent Infringement of U.S. Patent No. 6,776,327

16. Palomar repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

17. Defendant MRSI has infringed, and is continuing to infringe, the '327 patent, either literally or under the doctrine of equivalents, by, *inter alia*, making, using, selling, or offering to sell in the United States a product, including but not limited to the "MRSI-M3 Assembly Work Cell," for commercial sale which incorporates the methods claimed in the '327 patent.

## Count 2

### Induced Infringement of U.S. Patent No. 6,776,327

18. Palomar repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

19. Upon information and belief, by selling the "MRSI-M3 Assembly Work Cell," Defendant MRSI has actively and knowingly encouraged induced infringement and possessed specific intent to encourage another's infringement which has led to direct infringement by a third party of the claims of the '327 patent.

## Count 3

### Contributory Infringement of U.S. Patent No. 6,776,327

20. Palomar repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

21. Upon information and belief, Defendant has contributorily infringed the '327 patent in violation of 35 U.S.C. § 271 by using and offering to sell or selling to third parties a product, including but not limited to the "MRSI-M3 Assembly Work Cell," that incorporates the methods claimed in the '327 patent. Upon information and belief, Defendant's "MRSI M3-Assembly Work Cell" is not suitable for substantial noninfringing use.

# PRAYER FOR RELIEF

WHEREFORE, Palomar prays for the following:

A. That the Court determine that MRSI has infringed, is infringing, or will infringe, one or more claims of United States Patent No. 6,776,327;

B. That the Court determine that MRSI has induced a third party to infringe one or more claims of United States Patent No. 6,776,327;

C. That the Court determine that MRSI has contributed to the infringement of one or more claims of United States Patent No. 6,776,327 by a third party;

D. That the Court determine the amount of damage caused to Palomar by MRSI's infringing conduct and enter judgment for Palomar in the amount of their damages, plus interest;

E. That the Court enjoin MRSI from further infringement of United States Patent No. 6,776,327 and inducing or contributing to the infringement of others;

F. That the Court determine that this case is exceptional, within the meaning of 35 U.S.C. § 285, and order MRSI to pay plaintiff's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G. Costs; and

H. Such further relief as this Court may deem equitable.

# **DEMAND FOR JURY TRIAL**

Demand for jury trial pursuant to FED. R. CIV. P. 38.  Plaintiff Palomar hereby demands a trial by jury on its claims.

                                           Respectfully submitted,

                                           K&L GATES LLP

Dated:  July 6, 2015                     By:  s/ Jan P. Weir
                                               Attorneys for Plaintiff
                                               Palomar Technologies, Inc.
                                               Email:  jan.weir@klgates.com

**COMPLAINT**