UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PALOMAR TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MRSI SYSTEMS, LLC, ) <br> ) <br> Defendant. ) | Civil Action No. <br> 18-10236-FDS |

### ORDER ON DEFENDANT'S MOTION TO COMPEL
### AMENDED PRELIMINARY INFRINGEMENT CONTENTIONS

**SAYLOR, J.**

This is a patent infringement case. Plaintiff Palomar Technologies, Inc. contends that defendant MRSI Systems, LLC infringes its U.S. Patent No. 6,776,327 (the '327 patent), titled "High-Accuracy Placement Method Using Double Pick and Place." Pursuant to the Court's scheduling order, Palomar served its preliminary infringement contentions on June 25, 2018. MRSI contends that those preliminary contentions are inadequate, and has filed the present motion to compel amended infringement contentions.

Upon review of those contentions, the Court determines that, although they are indeed skeletal, they are adequate for the time being. As an initial matter, this district's new local patent rules do not apply to this case, because the scheduling order was issued prior to June 1, 2018. The applicable rule does not require any particular level of detail required for infringement contentions. *See* Local Rule 16.6 (as amended through July 1, 2017). The scheduling order itself requires only that: "Patentee shall specify which claims are allegedly infringed and identify the accused product(s) or method(s) that allegedly infringe those claims. Patentee shall

also specify whether the alleged infringement is literal or falls under the doctrine of equivalents. If patentee has not already done so, it shall produce all documents supporting its contentions and/or identify any such supporting documents produced by accused infringer." (Docket No. 69 at 1); *See Trs. of Bos. Univ. v. Everlight Elecs. Co.*, 2013 WL 2932822, at *2 (D. Mass. June 12, 2013).

Palomar's contentions comply with the order. It has identified the asserted claims (claims 1-24) and identified the infringing product as the M3 Assembly Work Cell. Although MRSI is correct that the asserted claims are all method claims and Palomar has identified a device, it is clear from Palomar's claim charts that Palomar alleges that the M3 Assembly Work Cell infringes the method during its normal operation. Palomar has specified that it believes MRSI literally infringes those claims, but reserves the right to assert infringement under the doctrine of equivalents depending on the Court's claim construction (which is common and reasonable). And it has identified the documents supporting its contentions, including a publicly available brochure, a PowerPoint presentation MRSI provided to Palomar, and MRSI's M3 user's manual.

At this stage in the proceedings, prior to any significant discovery, the preliminary infringement contentions need only provide a framework for discovery and show that Palomar has a good-faith, factual basis to allege infringement. *See AntiCancer, Inc. v. Pfizer, Inc.*, 769 F.3d 1323, 1329 (Fed. Cir. 2014); *Everlight*, 2013 WL 2932822, at *3-4. The contentions provide that. Although they are sparely worded, they provide a basis for believing that MRSI infringes each element of each claim, and cite to supporting documentation. MRSI complains in its preliminary noninfringement contentions that Palomar's preliminary infringement contentions do not adequately inform MRSI of Palomar's claim construction positions. But there is no need

for Palomar to provide claim-construction contentions or detail that information at this stage. The scheduling order allows the preliminary infringement disclosures to be "amended or supplemented up to 30 days before the date of the Markman Hearing" as discovery is received. (Docket No. 69 at 1). The Court expects Palomar to so supplement its contentions so as to provide as detailed an account of its infringement positions as possible prior to claim construction and to do so in a timely manner that permits a fair and orderly claim construction process. But given the information available, the contentions filed June 25, 2018, are adequate, albeit sparse.

For the foregoing reasons, defendant's motion to compel amended preliminary infringement contentions is DENIED.

**So Ordered.**

Dated: August 15, 2018

/s/ F. Dennis Saylor  
F. Dennis Saylor, IV  
United States District Judge