# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PALOMAR TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:18-cv-10236-FDS |
| | ) | |
| MRSI SYSTEMS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MRSI SYSTEMS, LLC'S BILL OF COSTS

On May 28, 2020, the Court granted MRSI Systems, LLC's ("MRSI") motion for summary judgment of invalidity under 35 U.S.C. § 101, holding that Plaintiff Palomar Technologies, Inc.'s ("Palomar") asserted U.S. Patent No. 6,776,327 (the "'327 patent") is invalid as directed to a patent-ineligible abstract idea.  ECF No. 772.  The Court entered judgment in MRSI's favor that same day.  ECF No. 777.

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, MRSI hereby submits its Bill of Costs.  "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—*should be allowed to the prevailing party*."  Fed. Riv. Civ. P. 54(d) (emphasis added).  In other words, Rule 54(d) "creates a presumption favoring recovery of costs by prevailing parties."  *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014).  As the prevailing party in this case, MRSI is entitled to recover:

"(1)  Fees of the clerk and marshal;
 (2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
 (3)  Fees and disbursements for printing and witnesses;
 (4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; . . . ."

28 U.S.C. § 1920.

Based on the statutorily enumerated categories, the local rules, and First Circuit law, MRSI requests the following costs:

| Description of Costs | Amount of Costs |
|---|---|
| Fees of the Clerk and Marshal (Ex. A) | $1,504.15 |
| Fees for Printed or Electronically Recorded Transcripts (Ex. B) | $ 74,065.57 |
| Fees for Exemplification and Costs of Making Copies (Ex. C) | $44,100.33 |
| | Total:  $119,670.05 |

Support for each category of costs is discussed herein and itemizations of all costs with supporting documentation are attached as Composite Exhibits A through C.

## I.      Fees of the Clerk and Marshal

MRSI is entitled to fees of the clerk and marshal under 28 U.S.C. § 1920(1), totaling $1,504.15.  First, MRSI has expended $912.00 in filing fees to defend against Palomar's action. Ex. A.  MRSI therefore requests that these fees of the clerk be taxed against Palomar in full. 28 U.S.C. § 1914.   Second, Fees of the marshal are directed to costs for service of process. 28 U.S.C. § 1921.  Courts in this Circuit have long held that private process server fees are also taxable.  *Riofrio Anda v. Ralston Purina Co.*, 772 F. Supp. 46, 55 (D.P.R. 1991), *aff'd*, 959 F.2d 1149 (1st Cir. 1992) ("[C]osts appropriate in light of the trend toward substitution of private process servers for the U.S. Marshals Service.").  Additionally, this Court has taxed private process server fees.  *See, e.g., ITyX Sols., AG v. Kodak Alaris Inc.*, No. 16-CV-10250-ADB, 2019 WL 2524760, at *2 (D. Mass. June 19, 2019).  MRSI has expended $592.15 in private process server fees for serving subpoenas for document productions and depositions.  Ex. A. MRSI thus requests taxation of the full amount.

**II.     Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case**

MRSI is entitled to recover "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).  MRSI accordingly seeks a total of $74,065.57 to be taxed against Palomar.  Ex. B.

First, the Court should tax costs for transcripts from pre-trial proceedings.  *See, e.g., Brigham & Women's Hosp., Inc. v. Perrigo Co.*, 395 F. Supp. 3d 168, 173 (D. Mass. 2019).  MRSI incurred a total of $5,717.48 for pre-trial transcripts.  Ex. B-1.  This includes pre-trial transcripts of a *Markman* hearing directed to construing claim terms of the '327 patent, numerous hearings on extensively disputed discovery matters, and several hearings on summary judgment motions.  These transcripts were necessarily obtained for this litigation as they related to ongoing briefing, extensive discovery disputes, and were needed for anticipated expert discovery in the case.  Accordingly, MRSI requests the Court to tax $5,717.48 for obtaining pre-trial transcripts.

Second, the Court should tax costs for deposition transcripts necessarily obtained for use in briefing and at trial.  28 U.S.C. § 1920(2); *Brigham & Women's Hosp., Inc. v. Perrigo Co.*, 395 F. Supp. 3d 168, 172 (D. Mass. 2019); *see also Martinez v. Cui*, No. CIV. A. 06-40029FDS, 2009 WL 3298080, at *2 (D. Mass. Apr. 13, 2009) ("Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling.").  MRSI deposed the following witnesses and experts in this case:

- Bruce Hueners
- Carl Hempel
- Timothy Hughes
- Daniel Evans

- John Brajkovich

- Zeger Bok

- Jay Smith

- Edward Willis

- Steven Kunin

- Rodney Brown

MRSI further defended the depositions of the following witnesses and experts:

- Mr. Michael Chalsen

- Mr. Cyriac Devasia

- Mr. Allan Haas

- Mr. Daniel Crowley

- Mr. Jacques Coderre

- Mr. Michael Gagnon

- Mr. Peter Cronin

- Mr. Robert Stoll

- Mr. Terry Kramer

Obtaining these depositions transcripts was necessary and MRSI relied on them in numerous briefs.  *See Dopp v. HTP Corp.*, 755 F. Supp. 491, 502 (D.P.R. 1991) ("Courts generally consider a transcript 'necessarily obtained' when it was necessary for counsel's effective performance and proper handling of the case.").  MRSI necessarily expended a total of $68,348.09 in obtaining deposition transcripts for use in this case.  *See* Ex. B-2 (detailed and itemized listing of all obtained deposition transcripts).  MRSI requests taxation of the full amount.

### III.     Fees for Exemplification and Costs of Making Copies

MRSI is entitled to "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Copying costs are taxable "so long as they are reasonably necessary for use in the case . . . ." *Osorio v. One World Techs., Inc.*, 834 F.Supp.2d 20, 23 (D. Mass. 2011).

MRSI has paid $33,814.64 to third-party vendors for the preparation and copying of exhibits used during depositions and pre-trial proceedings. *See* Ex. C. The copies were reasonably necessary and were obtained for the preparation and use of materials for depositions. As such, the costs for exemplification and copying are taxable. MRSI further expended $10,285.69 in procuring in-house copies of necessary papers, including copies of original records and documents produced in discovery. *See id*. MRSI thus requests taxation of these copying costs in full.

### IV.     Conclusion

For the foregoing reasons, MRSI respectfully requests that the Court tax the costs described herein in the amount of $119,670.05 to MRSI as the prevailing party in this matter.

Dated: June 11, 2020                    Respectfully Submitted,

By:   */s/ Brian Paul Gearing*
        Brian Paul Gearing, *pro hac vice*
        CROWELL & MORING LLP
        590 Madison Avenue, 20th Floor
        New York, NY 10022-2524
        Tel: (212) 223-4000
        Fax: (212) 223-4134
        bgearing@crowell.com
        mchipetine@crowell.com

        Ali H.K. Tehrani, *pro hac vice*
        Zachary Ian Ruby, *pro hac vice*
        CROWELL & MORING LLP
        1001 Pennsylvania Avenue, N.W.

Washington, DC  20004-2595
Tel: (202) 654-2500
Fax: (202) 628-5116
atehrani@crowell.com
zruby@crowell.com

Robert R. Lucic, Bar No. #677494
Peter A. Nieves, *pro hac vice*
James P. Harris, Bar No. #678283
SHEEHAN PHINNEY BASS & GREEN, PA
1000 Elm Street, 17th Floor
Manchester, NH 03101
Tel: (603) 668-0300
Fax: (603) 627-8121
rlucic@sheehan.com
pnieves@sheehan.com
jharris@sheehan.com

*Attorneys for Defendant MRSI Systems, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I served the foregoing document upon the attorneys of record for all parties by electronically filing the foregoing pleading with the Court using the CM/ECF system, which will automatically send email notification of such filing to registered attorneys of record.

Dated:  June 11, 2020                                    */s/ Peter A. Nieves*
                                                          Peter A. Nieves