UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PALOMAR TECHNOLOGIES, INC.,
    Plaintiff,

v.                                             CIVIL ACTION NO.
                                               18-10236-FDS

MRSI SYSTEMS, LLC,
    Defendant.

**NOTICE OF JURISDICTION**

**September 18, 2020**

**BOWLER, U.S.M.J.**

In a renewed motion for sanctions, defendant MRSI, LLC ("MRSI") seeks attorney's fees and litigation expenses, as well as other relief, due to misconduct on the part of plaintiff Palomar Technologies, Inc. ("Palomar") during discovery in searching for and belatedly producing or failing to produce emails.  (Docket Entry # 685).  MRSI moves for sanctions under Fed. R. Civ. P. 37(b)(2)(C) ("Rule 37(b)(2)") caused by Palomar's violations of court orders and under 28 U.S.C. § 1927 ("section 1927") against its counsel for multiplying the proceedings unreasonably and vexatiously.  (Docket Entry ## 686, 715).  In a 53-page opposition, Palomar submits it produced responsive documents, MRSI's "accusations" that it "lied to the court" are false, and it "did not violate any court order."  (Docket Entry #

714). After hearing oral argument, this court took the motion (Docket Entry # 685) under advisement. For reasons that follow, this court lacks jurisdiction at this juncture to adjudicate the motion.

## DISCUSSION

The subject matter of the renewed motion implicates Palomar's violation of court orders and unreasonable multiplication of these proceedings stemming from Palomar's unduly limited and misleading use of search terms to capture requested and relevant emails. (Docket Entry ## 686, 715). More specifically, the alleged misconduct purportedly resulted in belated and deficient productions and violations of court orders regarding discovery with a focus on the inadequate email searches, the calculated obfuscation in the use of search terms, and the continued incomplete production. (Docket Entry ## 686, 715). Specific to the requested sanctions under Rule 37(b)(2)(A), MRSI relies, in part, on Palomar's violations of court orders stemming from three MRSI motions to compel (Docket Entry ## 123, 280, 477). (Docket Entry # 686, p. 2).

In late August 2020, MRSI filed a notice of cross-appeal of a denial of a motion for attorney's fees and litigation expenses which implicates, to a degree, the same subject matter. (Docket Entry # 827). In particular, after the court awarded MRSI summary judgment on the issue of patentability under 35 U.S.C. §

101 ("section 101") (Docket Entry # 772), MRSI filed the motion seeking attorney's fees and litigation expenses under 35 U.S.C. § 285 ("section 285") as an exceptional case.  (Docket Entry ## 785, 806).  The section 285 motion and supporting memorandum identified, in addition to other alleged misconduct, the non-production or belated production of documents and emails responsive to MRSI's production requests.  (Docket Entry ## 727, 806).[1]  The supporting memorandum articulates the exceptional nature of the case based partly on Palomar's initially meager production of documents, including emails, in response to MRSI's production requests, Palomar's deficient production of emails in response to search terms, and the resulting necessity for MSRI to file the motions to compel (Docket Entry ## 280, 477).  (Docket Entry # 806, pp. 10-13, 27).[2]  In fact, the section 285 motion requesting attorney's fees includes "[t]he attorneys' fees sought in connection with MRSI's pending Renewed Motion for Sanctions (ECF No. 685)," and MRSI argues that "Palomar's misconduct relating to email production is sufficient on its own to declare the case exceptional."  (Docket Entry 806, p. 10, n.3) (Docket Entry # 806, p. 27)).  In denying the section 285 motion, the court rejected Palomar's unreasonable litigating position and

---

[1]  MRSI also filed a reply brief.  (Docket Entry # 759).

[2]  Page numbers refer to page numbers in the upper, right-hand corner of a docketed filing.

unreasonable manner in which it litigated the case, including during discovery, as "exceptional" under the totality of the circumstances.[3]  (Docket Entry # 824, pp. 13-18).

Meanwhile, in June 2020, Palomar filed a notice of appeal on a multitude of rulings.  (Docket Entry # 780).  In a corrected brief filed in the United States Court of Appeals for the Federal Circuit, Palomar addressed only the allowance of the section 101 summary judgment motion and a denial of its partial summary judgment on the basis of statutory estoppel under 35 U.S.C. § 315(e)(2).  Palomar Technologies, Inc. v. MRI Systems, LLC, No. 2020-1913 (Docket Entry # 20).  More notably for present purposes, in late August 2020, MRI filed the cross-appeal in the United States Court of Appeals for the Federal Circuit based on the court's denial of the section 285 motion requesting attorney's fees and litigation expenses.  Palomar Technologies, Inc. v. MRI Systems, LLC, No. 2020-2188 ("2188 appeal") (Docket Entry # 1).

A notice of appeal ordinarily "divests the district court of its control over those aspects of the case involved in the appeal."  Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); United States v. George, 841 F.3d 55, 71 (1st Cir. 2016) (notice of appeal divests district court of "'authority to

---

[3] The court included a finding that, "at times," Palomar litigated the "case in an unreasonable manner."  (Docket Entry # 824, p. 17).

proceed with respect to any matter touching upon, or involved in, the appeal'") (internal citations omitted); DeCambre v. Brookline Housing Auth., 826 F.3d 1, 7 (1st Cir. 2016) (quoting Griggs, 459 U.S. at 58); see United States v. Brooks, 145 F.3d 446, 456 (1st Cir. 1998) ("shared jurisdiction almost always portends a potential for conflict and confusion"). The subject matter of the 2188 appeal partly involves the unreasonable manner in which Palomar litigated discovery, including the belated and deficient email production. The challenged ruling (Docket Entry # 824) denied inter alia attorney's fees, including the attorney's fees sought in the renewed motion for sanctions (Docket Entry # 806, p. 10, n.3). The 2188 appeal therefore touches upon the discovery misconduct that forms the basis of the alleged unreasonable multiplication of proceedings under section 1927 and/or alleged violations of court orders in the pending renewed motion for sanctions before this court. As such, the notice of appeal divests this court of jurisdiction during the pendency of the 2188 appeal. In addition, this court declines to gave an indicative ruling under Fed. R. Civ. P. 62.1.

## CONCLUSION

The parties are therefore advised that a ruling on the renewed motion for sanctions (Docket Entry # 685) will be made after a docketing on the CM/ECF docket of a mandate from the United States Court of Appeals for the Federal Circuit on the

2188 appeal or on a consolidated appeal.

                                            /s/ Marianne B. Bowler
                                       **MARIANNE B. BOWLER**
                                       United States Magistrate Judge